TEXTO COMPLETO DE LA SENTENCIA
La peticionaria Easy Access Electrical Contractor, Inc., en adelante Easy Access, nos solicita que revisemos y revoquemos una resolución dictada por el Departamento de Asuntos del Consumidor, en adelante el DACO. Mediante dicha resolución, el DACO le impuso una multa administrativa de $5,000 por no estar registrada en el Registro de Contratistas establecido bajo las disposiciones de la Ley Núm. 146 de 14 de diciembre de 1997, según enmendada, 23 L.P.R.A. sec. 1020a-l et seq.
Con el beneficio de los escritos presentados por la peticionaria, así como por el DACO, estamos en posición de disponer del recurso, lo que a continuación hacemos.
Los hechos que originaron la acción administrativa contraerse a los que a continuación se exponen. y los incidentes procesales en el DACO pueden
El 18 de agosto de 2005, una consumidora de nombre Tania García Viera presentó una querella contra Easy Access, alegando que había contratado sus servicios para que le construyera unas rejas para el balcón de una vivienda, así como un portón de acceso. Se pactó un precio de $1,500, de los cuales se anticiparon $750. Pasados unos ocho meses desde que se contrató el trabajo, Easy Access sólo había instalado parte de las rejas, pero con ciertos defectos en su construcción. Alegó también la allí querellante, que durante la instalación se produjeron ciertos daños a la loza del piso. Solicitó que se ordenara terminar la obra contratada según convenido o que se le devolviera el dinero pagado.
*894 Como resultado de esa querella, un Investigador del DACO notificó el 24 de agosto de 2005 a Easy Access un aviso de infracción, señalándole que había infringido la Ley Núm. 146, supra, al no registrarse en el Registro de Contratistas y por no haber prestado la fianza requerida por dicho estatuto.
El 30 de agosto siguiente, el DACO emitió formalmente a Easy Access una Notificación de Multa Administrativa de $5,000 por infracción a la Ley Núm. 146, supra.
El DACO también constató que antes de la querella de la señora García Viera, el 5 de noviembre de 2004 otro consumidor, de nombre Ari J. Feliciano, había presentado querella contra Easy Access por la instalación defectuosa de unas tormenteras, que no fueron construidas de acuerdo con las medidas requeridas.
La vista administrativa para dilucidar la imposición de la multa administrativa contra Easy Access se celebró el 6 de abril de 2006. En dicha vista, Easy Access estuvo representada por su Presidente, el Sr. Luis J. Quiles Rivera y por el Ledo. Juan M. Aponte Castro.
En la vista quedó establecido, según surge del expediente sometido a nuestra consideración, que Easy Access se dedicaba a realizar trabajos de construcción, tanto para empresas privadas e industrias como para consumidores particulares, sin estar registrada en el Registro de Contratistas del DACO.
Durante la vista, Easy Access planteó, inter alia, que desconocía que tenía que registrarse en el DACO; que en dicha agencia, la orientaron que por el presidente de la corporación ser un perito electricista con licencia no estaba obligado a registrarse; que no le causó perjuicios a nadie, ya que ante la querella había devuelto el dinero pagado por la querellante; y que habían factores atenuantes para la imposición de la multa.
En la resolución recurrida, el DACO concluyó que Easy Access había sido adecuadamente notificada de la intención de multarla; que no había presentado evidencia que justificara la atenuación de la multa: y que no procedía un aviso de orientación, porque no había ofrecido evidencia que así lo justificara.
La resolución del DACO, del 1ro. de junio de 2006, fue notificada a las partes el 2 de junio siguiente. Oportunamente, Easy Access presentó una moción de reconsideración, la cual fue declarada sin lugar en resolución del 16 de agosto de 2006, la que fue notificada el 22 de agosto siguiente. Inconforme con este dictamen administrativo es que Easy Access comparece ante este foro.
II
En su petición para que revisemos la resolución del DACO, Easy Access presenta el siguiente señalamiento de errores:

“Erró el DACO al resolver que el aviso de infracción es suficiente en derecho, y cumple con la ley y reglamento aplicables.

Erró el DACO al emitir un aviso de infracción e imponer una multa, en vez de emitir un aviso de orientación, según lo establece la ley orgánica del DACO y su Reglamento para la Imposición de Sanciones y Multas, y al imponer una multa cuando ésta no procedía al amparo de la Ley 454 de 28 de diciembre de 2000.

Erró el DACO al imponer una multa máxima de $5,000 porque dicha cuantía resulta arbitraria e irrazonable a la luz de los hechos particulares de este caso y el derecho vigente.”

m
Antes de pasar a analizar los errores señalados, así como los planteamientos que hacen las partes sobre los
*0 [[Image here]]
[[Image here]]
[[Image here]]
[[Image here]]
*895 mismos, procede que examinemos y expongamos la normativa de derecho aplicable del caso.
A
La Ley Orgánica del DACO, Ley Núm. 5 de 23 de abril de 1973, según enmendada, 3 L.P.R.A. sees. 341 a 341w, confiere facultad al Secretario del DACO para resolver las quejas y querellas presentadas por los consumidores de bienes y servicios adquiridos o recibidos del sector privado de la economía, y conceder los remedios que sean procedentes conforme al derecho aplicable. Artículo 10-A de la Ley Núm. 5, supra, 3 L.P.R. A. sec. 341Í-1.
B
Mediante la Ley Núm. 146, supra, se ordenó al DACO el mantenimiento de un Registro de Contratistas, bien sean personas naturales o jurídicas, dedicados a cualquier tipo de obras de construcción, tales como viviendas, mejoras a solares y mejoras paisajistas, entre otras. 23 L.P.R.A. sec. 1020a-1. Este estatuto regulador también requiere que el contratista preste una fianza anual, basada en el volumen de negocios. 23 L.P.R. A see 1020c.
Para hacer efectiva la fiscalización que este estatuto establece, se dispone en el mismo que a toda aquella persona natural o jurídica que realice trabajos de obras de construcción en viviendas, sin estar registrado y afianzado, se le impondrá una multa administrativa por una cantidad mínima de $5,000 y hasta una máxima de $10,000. Id.
El Reglamento para la Imposición de Sanciones y Multas, aprobado por el DACO el 29 de marzo de 2004, en adelante el Reglamento, en su Regla 5 establece que los tipos de avisos por infracciones a las leyes y reglamentos que administra, son los siguientes.
a. Aviso de Infracción — Notificación expedida por el Departamento en la que se imputa la comisión de unos hechos que constituyen una violación de alguna ley o reglamento bajo la autoridad del Departamento.

b. Aviso de Orientación - Notificación escrita expedida por el Departamento en la que se informa a las personas sobre prácticas o actuaciones que pueden constituir infracciones a cualesquiera de las leyes y reglamentos bajo la autoridad del Departamento o las órdenes que hayan sido emitidas, así como una advertencia a los efectos de notificar cuál sería la sanción que conlleva esa práctica, actuación u omisión, si incurre en la misma.

La Regla 8 establece las circunstancias en que el DACO, a través de sus investigadores, tiene facultad para investigar y emitir avisos de orientación o de infracción. Se establece en dicha Regla que:

“A) El aviso de orientación cumplirá con el propósito de informar.

1) Las circunstancias personales del infractor, incluyendo pero sin limitarse a, nombre de la persona, negocio o institución, su dirección física y postal, así como todos los números de teléfonos disponibles. En el caso de una corporación, sociedad o entidad jurídica, se expresará el nombre y dirección del Presidente o del agente residente;

2) La descripción de las circunstancias en que se realiza la inspección o intervención, lugar, fecha, hora en que emitió el aviso de orientación, el nombre de la persona que recibe la orientación y su posición dentro del negocio e institución investigada;

*896 3) La actuación u omisión que podría ser constitutiva de alguna infracción a las leyes v reslamentos bajo la autoridad del Departamento o de las órdenes que hayan sido emitidas;

4) Las disposiciones legales o reglamentarias por las cuales se le expida el aviso de orientación;

5) La cuantía máxima de la multa que podría imponer el Departamento por la infracción identificada en el aviso;

6) Una indicación a los efectos de que debe corregir la deficiencia señalada en el período de tiempo especificado en el aviso de orientación;

7) Una advertencia a los efectos de que si incurre nuevamente en una infracción a nuestro ordenamiento o si no corrige la deficiencia señalada en el período de tiempo especificado en el aviso de orientación, podrá ser sancionado con una multa administrativa;

8) Las circunstancias del empleado o funcionario que emite el mismo: nombre completo en letra de molde, la Oficina Regional, Unidad o División del Departamento en la cual trabaja y su firma.

B) El aviso de infracción contendrá lo siguiente:

1) Una descripción de las circunstancias personales del infractor, incluyendo, pero sin limitarse a, nombre de la persona, negocio o institución intervenida o investigada, dirección física y postal, y los números de teléfonos disponibles. En el caso de una corporación, sociedad o entidad jurídica, se expresará el nombre y dirección del Presidente o del agente residente;

2) La descripción de las circunstancias en que se realiza la inspección: lugar, fecha, hora en que se emitió el aviso, nombre de la persona o personas que reciben la infracción y su posición dentro de la estructura organizacional del negocio o institución investigada;

3) La descripción de la actuación u omisión constitutiva de violación:

4) Las disposiciones legales o reglamentarias por las cuales se le notifica el aviso de infracción;

5) Una advertencia a los efectos de que el Departamento podrá, dentro del término de veinte (20) días contados a partir de ser emitido el aviso de infracción, notificar formalmente una multa administrativa y la cantidad máxima de dinero que podría imponérsele;

6) Las circunstancias del empleado o funcionario que emite el mismo: nombre completo en letra de molde, la Oficina Regional, Unidad o División del Departamento en la cual trabaja y su firma.” (Subrayados nuestros)
En cuanto a la notificación de multas administrativas, la Regla 9 especifica el contenido de dicha notificación en los siguientes términos.

“1) Una descripción de las circunstancias personales del infractor, incluyendo, pero sin limitarse a, nombre de la persona, negocio o institución intervenida, su dirección postal;

2) La descripción de la actuación u omisión constitutiva de la infracción;

3) Todas las disposiciones legales o reglamentarias aplicables por las cuales se le imputa la violación;

*897
4)Las circunstancias del empleado o funcionario que emite el aviso de infracción: nombre completo en letra de molde, la Oficina Regional, Unidad o División desde la cual emite la notificación de multa administrativa, su posición y su firma;

5) La sanción o multa a la que se expone el infractor;

6) Un apercibimiento de que el infractor puede allanarse a la multa e informar su cumplimiento de pago o en la alternativa, de su derecho a solicitar vista administrativa y el término y el procedimiento para realizar dicha solicitud;

7) Una advertencia al infractor a los efectos de que si no contesta o responde al aviso dentro de un término de veinte (20) días contados a partir de la notificación, se expone a que se emita una Resolución en su contra confirmando la multa recomendada, sin más oportunidad de citarle ni oírle;

8) Una certificación de envío con fecha y archivo de copia de la notificación debidamente cumplimentada por personal autorizado.”

La Regla 10 provee los criterios que debe tomar en cuenta el DACO para fijar una multa administrativa. Dichos criterios son los siguientes:

“1) La disposición del infractor para corregir las acciones u omisiones que provocaron la violación;

2) El tiempo invertido por el infractor para corregir las acciones u omisiones que provocaron la violación;

3) La reincidencia;

4) El volumen de negocios del comercio o industria;

5) Además del volumen de negocios del comercio, se tomará en consideración si se trata de un negocio pequeño acorde con la Ley Núm. 454 de 28 de diciembre de 2000:

a. Se podrá reducir la multa impuesta si la violación se corrige en un período no mayor de quince (15) días.

b. Si corregir la violación toma un tiempo mayor del indicado, la agencia podrá condonar hasta un cien porciento (100%) de la multa, si se prueba fehacientemente que el dinero a pagarse por concepto de la multa se utilizará para corregir la violación.

c. La provisión del sub inciso (a) de este artículo, se aplicará cuando el pequeño negocio cumpla de buena fe con el reglamento y demás exigencias de la agencia y la violación no constituya un acto criminal o una amenaza significativa a la salud, seguridad o al ambiente.

6) La naturaleza de la violación y si la misma acción u omisión del infractor representa peligrosidad para un consumidor en particular o vara los consumidores en seneral.
7) El historial de infracciones de isual o similar naturaleza incurridas por el infractor.” (Subrayados nuestros)
C
Reiteradamente, el Tribunal Supremo de Puerto Rico ha resuelto que las decisiones de los organismos *898 administrativos merecen la mayor deferencia judicial. Esta deferencia se debe a que son éstos los que cuentan con el conocimiento experto y con la experiencia especializada de los asuntos que les son encomendados. Municipio de San Juan v. Plaza Las Américas, 169 D.P.R. _ (2006), 2006 J.T.S. 164; López v. Administración, 168 D.P.R.__ (2006), 2006 J.T.S. 146; Hernández v. Centro Unido, 168 D.P.R._(2006), 2006 J.T.S. 140; Comisionado de Seguros v. Puerto Rican Insurance Agency, 168 D.P.R._(2006), 2006 J.T.S. 142; Martínez v. Rosado, 165 D.P.R._(2005), 2005 J.T.S. 132; Polanco v. Cacique Motors, 165 D.P.R. _(2005), 2005 J.T.S. 101; Otero v. Toyota, 163 D.P.R._(2005), 2005 J.T.S. 13; Rebollo Vda. de Liceaga v. Yiyi Motors, 161 D.P.R._(2004), 2004 J.T.S. 4; Pacheco Torres v. Estancias de Yauco, 160 D.P.R._ (2003), 2003 J.T.S. 148.
Al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia. López v. Administración, supra; Camacho v. A.A.F.E.T., 168 D.P.R._ (2006), 2006 J.T.S. 97; Rebollo Vda. de Liceaga v. Yiyi Motors, supra. Los tribunales no deben intervenir o alterar las determinaciones de hechos de un organismo administrativo, si las mismas están sostenidas por evidencia sustancial que surja del expediente administrativo considerado en su totalidad. López v. Administración, supra; Martínez v. Rosado, supra; Polanco v. Cacique Motors, supra; Otero v. Toyota, supra; Pacheco Torres v. Estancias de Yauco, supra; Domínguez Talavera v. Caguas Expressway Motors, Inc., 148 D.P.R. 387, 397 (1999).
Las determinaciones de hechos de organismos y agencias “tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas”. Camacho v. A.A.F.E.T., supra; Polanco v. Cacique Motors, supra; Otero v. Toyota, supra; Henríquez v. Consejo Educación Superior, 120 D.P.R. 194, 210 (1987); Facultad v. Consejo de Educación Superior, supra, pág. 532.
El tribunal podrá sustituir el criterio de la agencia por el propio, sólo cuando no pueda hallar una base racional para explicar la decisión administrativa. Otero v. Toyota, supra; Misión Ind. P.R. v. J.P., supra, pág. 134.
Ahora bien, en cuanto a la deferencia judicial antes aludida, la misma no debe concederse cuando el tribunal revisor se encuentra ante una inteipretación estatutaria de la agencia administrativa que afecta derechos fundamentales, resulta irrazonable o conduce a la comisión de una injusticia. Martínez Segarra et al. v. Rosado Santoni, supra; Costa, Piovanetti v. Caguas Expressway, 149 D.P.R. 881 (1992). Es cuando la agencia interpreta el estatuto que viene obligada a poner en vigor de manera tal que produce resultados contrarios al propósito de la ley, que su errada interpretación no puede prevalecer y los tribunales vienen obligados a corregirla. Martínez Segarra et al. v. Rosado Santoni, supra; Mun. de San Juan v. J.C.A., 149 D.P.R. 263, 280 (1999).
IV
Procede que bajo la normativa estatutaria, reglamentaria y jurisprudencial anteriormente esbozada, analicemos los señalamientos de error y los planteamientos de las partes según obran en sus respectivos alegatos.
Easy Access nos invita a resolver que el aviso de infracción emitido por el DACO en su contra no cumplió con la ley y la reglamentación aplicable y que lo que debió habérsele notificado fue un aviso de orientación. No le asiste la razón.
Tanto la Ley Núm. 5, supra, como la Ley Núm. 146, supra, facultan al DACO a recibir querellas de consumidores por bienes o servicios adquiridos o recibidos del sector privado de la economía. En particular, la Ley Núm. 146, supra, impone la obligación al DACO de sancionar con multas administrativas a aquellas *899 personas que realicen obras de construcción sin estar registradas en el Registro de Contratistas.
Para dar vigencia a la imposición de multas, el DACO aprobó el Reglamento para la Imposición de Sanciones y Multas, supra. En dicho Reglamento se le concede poder al DACO para investigar y sancionar por violaciones a leyes o reglamentos bajo su competencia administrativa. Véase Regla 5, supra.
Un examen del aviso de infracción y de la notificación de la vista administrativa cuestionado por Easy Access nos demuestra que en ambos documentos el DACO cumplió razonablemente con las Reglas 5, 8 y 9 del Reglamento. Se identificó con adecuada especificidad al infractor, así como la concreta actuación constitutiva de infracción y la ley aplicable; además se ofrecieron los pormenores básicos requeridos por dichas Reglas. Todos los datos contenidos en estos documentos eran más que suficientes para que Easy Access estuviera adecuadamente informada del procedimiento administrativo en su contra. DACO garantizó el derecho de Easy Access a tener notificación de la naturaleza de la acción administrativa en su contra. Véase Artículo 3.1 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. see. 2151.
De otro lado, es cuando se trata de prácticas u actuaciones que pudieran estar dirigidas a infringir las leyes y reglamentos que administra, que el DACO está facultado para expedir el llamado aviso de orientación. Véase Regla 8 A) 3) del Reglamento, supra.
Los hechos pertinentes al recurso ante nuestra consideración, según se desprenden de la evidencia sustancial que surge del expediente administrativo sometido por las partes, no demuestran actuaciones que pudieran ser constitutivas de infracción a la Ley Núm. 146, supra, sino que por el contrario revelan claras y evidentes violaciones a dicho estatuto. Véase Regla 8 B) 3) del Reglamento, supra.
Ninguna excusa o aceptable justificación se presentó en la vista administrativa ante el DACO para liberar a Easy Access de su responsabilidad. Las determinaciones del DACO a estos efectos no fueron derrotadas en el proceso administrativo ni ante este foro. Debemos deferencia y respeto a las mismas. Véase Camacho v. A.A.F.E.T., supra; Polanco v. Cacique Motors, supra; Otero v. Toyota, supra; Henríquez v. Consejo Educación Superior, supra; Facultad v. Consejo de Educación Superior, supra.
Por tanto, somos de opinión que el DACO no incidió en ninguno de los primeros dos errores señalados.
En cuanto al planteamiento de que el DACO impuso una multa máxima de $5,000 de manera arbitraria o razonable, el mismo es inmeritorio.
Al imponer la multa, el DACO actuó dentro del margen que para ello le concedió la Ley Núm. 146, supra. De hecho, le impuso a la recurrente la suma mínima establecida en dicho estatuto. El tercer error señalado tampoco se cometió. Además, el DACO cumplió razonablemente con los criterios establecidos en la Regla 10 del Reglamento, supra, al imponer la multa. Su determinación está racional y razonablemente explicada en la resolución de la cual se recurre. Véase Otero v. Toyota, supra; Misión Ind. P.R. v. J.P., supra.
V
Por los fundamentos anteriormente expuestos, se confirma la resolución dictada por el Departamento de Asuntos del Consumidor mediante la cual ratificó la imposición a la recurrente Easy Access Electrical Contractor, Inc. por la suma de $5,000.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Mildred I. Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones